**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

**v.**

**Justus W. HEFLEY, Respondent.**

**SCBD No. 2107.**

Supreme Court of Oklahoma.

May 2, 1967.

Jack A. Swidensky, Oklahoma City, for complainant.

William L. Anderson, Oklahoma City, Red Ivy, Chickasha, for respondent.

PER CURIAM.

Respondent was charged by complainant in six counts of acts constituting professional misconduct, of acts in conflict with his oath as attorney at law, and of acts in direct violation of Canons 11 and 47 of the Canons of Professional Ethics as adopted by this Court.

· A hearing was regularly conducted by the trial examiner on the 19th day of October, 1966, at which respondent was present and represented by his attorneys. The trial examiner thereafter submitted his report and recommendations to the Executive Council, which in turn after consideration has filed with this Court its Report, Findings of Facts, Conclusions of Law, and Recommendation.

Consistent with our responsibility in disciplinary proceedings recommended by the complainant, we have examined each charge and reviewed the evidence and enter such order as in our sound discretion is deemed proper.

Count I charged:

"That the Respondent did in the month of May, 1963, accept employment as an attorney at law to represent the Collection Advisory Bureau, Inc. of Ardmore, Oklahoma, a collection agency and did represent said collection agency in said capacity as attorney at law until the 20th day of June, 1964. That while representing said collection agency and for a period of three weeks after June 20, 1964, the said Respondent did permit his services and his name to be used in aid of and to make possible the unauthorized practice of law by the Collection Advisory Bureau, a lay agency, in the following manner:

"Said Respondent authorized lay employees of said Collection Advisory Bureau to sign his name to various collection letters, which were prepared by said lay employees on Respondent's letterhead; affixed his signature to and filed in court various legal pleadings which

had been prepared by lay employees of said collection agency."

Counts II, III, IV and V charged substantially that during the period as set out in Count I, and while acting as an attorney for the Collection Advisory Bureau, Inc., the respondent filed certain actions in specific Justice of the Peace Courts and did collect in behalf of his client certain specific sums in each case and that the respondent retained the sum collected in part or in toto and converted it to his own use and benefit.

Count VI charged:

"That the Collection Advisory Bureau, Inc. over the period of time hereinabove mentioned did advance to the Respondent a total of $4,550.00, to be used as court costs in 430 collection cases to be filed by Respondent in various courts in the state of Oklahoma. Attached hereto and marked 'Exhibit #1' is a complete list showing the Collection Advisory Bureau number, the name of the debtor, the amount of advancement and the date said Respondent received the same. That Respondent has willfully refused to account for said advancement, but to the contrary has converted the same to his own use and benefit."

The trial examiner found the acts charged in the complaint were true, with the exceptions noted, as reflected in the Trial Examiner's Conclusions of Law:

I

"Respondent's conduct was in violation of Canon 11 of the Canons of Professional Ethics in that he failed and refused to report and account promptly for money of or collected for the client coming into his possession.

II

"Respondent did not comingle money of his client with his own or convert it to his own use.

III

"The conduct of the Respondent was in violation of Canon 47 of the Canons of Professional Ethics in that he permitted

his professional services and his name to be used in aid of or to make possible the unauthorized practice of law by a lay agency."

The trial examiner made certain mitigating findings and conclusions in behalf of the respondent by reason of which the trial examiner recommended:

"The Respondent receive a severe reprimand for his conduct."

The evidence fairly shows and the trial examiner properly found, in accord with Count I of the complaint, supra; that the Collection Advisory Bureau, Inc., advanced $4,550.00 which was to be used by respondent in filing 430 cases in various courts. Several months before respondent terminated his employment on June 20, 1964, he began to withhold the delivery of collections. After the termination of his employment respondent refused to account for the monies collected or held by him as advanced contemplated court costs. Both respondent and Collection Advisory Bureau, Inc., demanded an accounting from the other and each refused. Great vindictiveness arose between the parties and each brought legal proceedings against the other.

Canon 47 reads:

"Aiding the unauthorized practice of law. No lawyer shall permit his professional services, or his name, to be used in aid of, or to make possible, the unauthorized practice of law by any lay agency, personal or corporate."

Canon 11 reads in part:

"Money of the client or collected for the client or other trust property coming into the possession of the lawyer should be reported and accounted for promptly, * * *."

Having examined the complaint and reviewed the evidence we hold that respondent violated Canons 47 and 11 of the Canons of Professional Ethics as adopted by this Court. The respondent was derelict in his professional duties for the reasons above stated. We determine further, that due to respondent's lack of experience, ignorance,

or bad advice, neither suspension nor disbarment would be justified in this case. The recommendation of the Executive Council of the Oklahoma Bar Association in this proceeding is approved.

It is hereby decreed that the respondent, Justus W. Hefley be censured and publicly reprimanded, and that the publication of this decree shall suffice in respect to such reprimand. It is the further order that respondent shall be taxed with costs of these proceedings, heretofore borne by the Oklahoma Bar Association.

All Justices concur.